**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HAROLD JONES,

    Plaintiff,

v.

                                        Case No. 09-CV-11211-DT

                                        HONORABLE DENISE PAGE HOOD

CHARTER TOWNSHIP OF GENESEE, et al.,

    Defendants.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION
### and
## NOTICE OF FINAL PRETRIAL CONFERENCE

       Plaintiff Harold Jones filed a three-count Complaint against Defendants Charter Township of Genesee, Robert Roberts and Paul Colliver alleging: Violation of Civil Rights and Excessive Force and Deliberate Indifference (Count I); Assault and Battery (Count II); and Gross Negligence (Count III). Discovery has been held and Defendants filed the instant Motion for Summary Judgment. This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Mona K. Majzoub dated July 28, 2010 recommending to grant in part and deny in part Defendants' Motion for Summary Judgment. The Magistrate Judge recommended that the Court dismiss all the claims against Defendants except for the excessive force and assault and battery claims against Defendant Robert Roberts. Defendant Roberts timely filed Objections on August 10, 2010. Plaintiff filed a response to the Objections on August 23, 2010 and Defendant Roberts replied on September 2, 2010.

       A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*; *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1987). A district court is not required to address each objection independently or in writing. *See Ivy v. Sec'y of Health & Human Servs.,* 976 F.2d 288, 289-90 (6th Cir. 1992); *Stump v. Sec'y of Health & Human Servs.,* 27 F.3d 1050 (Table), 1994 WL 194174 at *3 (6th Cir. May 16, 1994)(unpublished).

Defendant Roberts filed seven-numbered Objections to the Report and Recommendation:

> No. 1: Defendant Roberts objects to the Magistrate Judge's statement of facts as to Plaintiff's wife's testimony that Defendant Roberts was yelling or calling Plaintiff any names and to the Magistrate Judge's reliance, if any, on the facts that the name calling and yelling constitute a constitutional violation.
>
> No. 2: Defendant Roberts objects to the Magistrate Judge's conclusion that Defendant Roberts' actions amounted to a seizure as opposed to a non-Fourth Amendment medical assist and that the Magistrate Judge improperly distinguished the case from *Peete v. Metro. Gov't of Nashville and Davidson County,* 486 F.3d 217, 220 (6th Cir. 2007).
>
> No. 3: Defendant Roberts objects to the Magistrate Judge's conclusion based on the undisputed facts known to Defendant Roberts, that his use of force was objectively unreasonable under the circumstances.
>
> No. 4: Defendant Roberts objects to the Magistrate Judge's conclusion that Defendant Roberts is not entitled to summary judgment on the excessive force and assault and battery claims because of the Magistrate Judge's impermissible reliance on the alleged subjective intent of Defendant Roberts given the alleged past "history of negative encounters."
>
> No. 5: Defendant Roberts objects to the Magistrate Judge's failure to consider the defense of qualified immunity given the undisputed material facts and controlling case law with regard to the use of force in situations where the officer's actions amount to a seizure as well as when the officer's actions do not constitute a seizure.
>
> No. 6: Defendant Roberts objects to the Magistrate Judge's conclusion as to the assault and battery claim under Michigan law as Plaintiff failed to address that claim in response to Defendant Roberts' Motion for Summary Judgment.

No. 7: Defendant Roberts objects to the Magistrate Judge's conclusion that there are factual questions regarding Plaintiff's state assault and battery claim and that Defendant Roberts is not entitled to governmental immunity on this claim.

Objections Nos. 1 to 5 are addressed together since these objections relate to the Magistrate Judge's findings and conclusions of law as to the excessive force claim against Defendant Roberts. The Court agrees with the Magistrate Judge that as to Defendant Roberts, there are there are genuine issues of material fact as to whether the amount of force used by Defendant Roberts on Plaintiff was reasonable. The Court overrules Defendant' Objections to the Magistrate Judge's conclusion and accepts the Magistrate Judge's finding of genuine issues of material fact. The Magistrate Judge's analysis properly considered all the evidence before her and the law to reach her recommendation that summary judgment was not appropriate as to Defendant Roberts' actions against Plaintiff. The Magistrate Judge properly noted Defendant Roberts' arguments that he was entitled to qualified immunity but that there remained genuine issues of material fact as to whether the use of excessive force by Defendant Roberts was objectively reasonable under the Fourth Amendment.

As to the Defendant Roberts' Objections Nos. 5 to 7 relating to the assault and battery claim, the Court rejects the Magistrate Judge's findings and recommendations on this issue. Under Michigan law, an assault is "an intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *VanVorous v. Burmeister,* 262 Mich. App. 467, 482-83 (1997). Battery is "a wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Id.* at 483.

Given that Plaintiff, at his deposition, testified that he did not know the police were at his

3

home, there is no genuine issue of material fact that an assault was made upon him since he could not have formed a "well-founded apprehension of imminent contact." There may be a wilful and harmful touching of Plaintiff by Defendant Roberts since there is no requirement that person must apprehend a battery. However, since Plaintiff did not respond to Defendants' arguments raised in their Motion for Summary Judgment on the assault and battery issue, the Court finds that Plaintiff waived any arguments on his assault and battery claim against Defendant Roberts. Under Rule 56(e) of the Rules of Civil Procedure, a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Plaintiff did not do so in his response to Defendants' Motion for Summary Judgment.

No Objections were filed to the Magistrate Judge's findings and recommendations that any denial of a serious medical need under the Due Process Clause of the Fourteenth Amendment should be dismissed, that the Defendant Township should be dismissed and that the state law gross negligence claim should be dismissed. The Court finds that the Magistrate Judge reached the correct conclusions on these issues and accepts and adopts the Magistrate Judge's findings and conclusions.

Accordingly,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's July 28, 2010 Report and Recommendation [**No. 19**] is ACCEPTED AND ADOPTED IN PART AND REJECTED IN PART as noted above.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment **[No. 10, 1/15/2010]** is GRANTED IN PART and DENIED IN PART. The 42 U.S.C. § 1983 excessive force

claim against Defendant Roberts remain set forth in Count I.

IT IS FURTHER ORDERED that the deliberate indifference of serious medical need claim (only) in Count I, the Assault and Battery claim in Count II and the Gross Negligence in Count III, are DISMISSED.

IT IS FURTHER ORDERED that Defendants Charter Township of Genesee and Paul Colliver are DISMISSED with prejudice.

IT IS FURTHER ORDERED that a Final Pretrial Conference is scheduled for **Monday, November 15, 2010, 2:30 p.m.** The parties must submit a proposed *Joint* Final Pretrial Order pursuant to E.D. Mich. LR 16.2 by **November 8, 2010.**

    S/Denise Page Hood  
    Denise Page Hood  
    United States District Judge

Dated: September 27, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 27, 2010, by electronic and/or ordinary mail.

    S/William F. Lewis  
    Case Manager